res judicata rule may be successfully invoked, the issue claimed to be settled must have been directly involved in the case and must have been decided as a necessary part of the decision:" Machen v. Budd Wheel Co., 294 Pa. 69, 84.

An examination of the record fails to show a clear abuse of discretion upon the part of the court below in making absolute the rule to open the judgment.

The order of the court below is affirmed.

Bailey *v.* Waters, Auditor General, et al., Appellants.

Argued May 26, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

310

312

314

316

318

*Harris C. Arnold,* Deputy Attorney General, with him *Wm. A. Schnader,* Attorney General, for appellant.— The change of salary is a necessary result of constitutional mandate.

The reassignment of judicial districts was required.

The salary readjustment was necessary: Com. v. Mathues, 210 Pa. 372.

Nothing in the Constitution forbids a downward change of plaintiff's salary under the present circumstances.

The power of the legislature to reduce judicial salaries is not here involved.

Our cases agree that there may be implied as well as express limitations on the legislature, in a constitution. But such an implication must be very clear in order to overcome the general legislative power of state legislatures: Lewis & Nelson's App., 67 Pa. 153, 165; Page v. Allen, 58 Pa. 338; Sharpless v. Mayor of Philadelphia, 21 Pa. 147.

*Geo. Ross Hull,* of *Snyder, Miller, Hull & Hull,* for appellee.—The legislature has no power under the Constitution to diminish the salary of a judge learned in the law during his continuance in office: Lewis and Nelson's App., 67 Pa. 153; Sharpless v. Mayor, 21 Pa. 147; Page v. Allen, 58 Pa. 338.

The legislature cannot reduce the salaries of judges while in office: Com. v. Mann, 5 W. & S. 403; Com. v. Mathues, 210 Pa. 372.

If the legislature has no Constitutional power specifically and directly to diminish the salary of a judge learned in the law, during his continuance in office, it can not do so by the indirect method of reapportioning judicial districts and applying thereto a salary schedule based on population: Com. v. Comrey, 149 Pa. 216; Com. v. Woodring, 274 Pa. 553.

PER CURIAM, June 30, 1932:

The judgment is affirmed on the opinion of the learned president judge of the court below.